BLAIR HARROLD, O.D., AND ALLAN BARKER, O.D., PLAINTIFFS V.
RICHARD C. DOWD, AND ERNST & YOUNG, LLP, DEFENDANTS

No. COA01-529

(Filed 16 April 2002)

**1. Statutes of Limitation and Repose— claims against accountants—last act giving rise to cause of action**

Plaintiffs' claims for accounting malpractice, negligence, and breach of contract against accountants arising from the merger of their optometry practice with a third party were barred by the three year statute of limitations where the wrongful act, broken promise, and last act giving rise to the cause of action occurred on 27 October 1995, when plaintiffs agreed to the merger, and plaintiffs began this action on 6 July 1999. N.C.G.S. §§ 1-52(1), (5), 1-15(c).

HARROLD v. DOWD

[149 N.C. App. 777 (2002)]

## 2. Accountants and Accounting— fraud—allegations insufficient

The trial court correctly granted a Rule 12(b)(6) dismissal of a fraud claim against accountants arising from the merger of an optometry practice where the first two allegations failed to conform to Rule 9(b) particularity requirements in that they failed to identify the person making the representation, failed to identify what was obtained as a result of the fraudulent representation, and failed to plead any facts to support the allegation that the representation was false.

## 3. Accountants and Accounting— negligent misrepresentation—pleadings insufficient

The trial court correctly granted a Rule 12(b)(6) dismissal of a negligent misrepresentation claim against accountants arising from the merger of optometry practices where nothing in the pleadings reflected that defendants negligently supplied information for the guidance of plaintiffs with respect to the merger transaction.

## 4. Accountants and Accounting— breach of fiduciary duty— no fiduciary relationship

The trial court correctly granted a Rule 12(b)(6) dismissal of a breach of fiduciary duty claim against accountants arising from the merger of optometry practices where plaintiffs failed to show that a fiduciary relationship existed between the parties. There is no case stating that the relationship between an accountant and client is per se fiduciary in nature, and allegations of dual representation and the desire to represent the newly merged company do not establish a breach of fiduciary duty by themselves.

## 5. Accountants and Accounting— breach of agency agreement—statute of limitations

The trial court correctly granted a Rule 12(b)(6) dismissal of a claim for breach of an agency agreement against accountants arising from the merger of optometry practices where the engagement of the accountants would have been completed as by 27 October 1995 and plaintiffs began this action on 6 July 1999. The claim was barred by the 3 year statute of limitations.

HARROLD v. DOWD

[149 N.C. App. 777 (2002)]

**6. Pleadings— motion to amend—12(b)(6) hearing—same day**

The trial court did not abuse its discretion by not allowing plaintiffs' motion to amend their complaint, which was filed the same day as the hearing on defendants' Rule 12(b)(6) motion.

**7. Civil Procedure— brief—timely service**

A brief in support of a Rule 12(b)(6) motion was timely served where it was undisputed that the hearing was calendared for Monday and the brief was served on the previous Thursday. The brief was served at least two days before the hearing on the motion as required by N.C.G.S. § 1A-1, Rule 5(a1). N.C.G.S. § 1A-1, Rule 6(a).

Appeal by plaintiffs from order entered 6 February 2001 by Judge Cy A. Grant, Sr. in Nash County Superior Court. Heard in the Court of Appeals 20 February 2002.

*Nigle B. Barrow, Jr., for plaintiffs-appellants.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Robert W. Spearman and Ernst & Young, LLP, by J. Andrew Heaton, for defendants-appellees.*

TYSON, Judge.

## I. Facts

Blair Harrold, O.D. and Allan Barker, O.D. (collectively "plaintiffs") are licensed optometrists practicing in Nash County, North Carolina. Plaintiffs engaged Richard C. Dowd and Ernst & Young, LLP (collectively "defendants") to advise them on business opportunities, including mergers and acquisitions.

In 1995, plaintiffs received a merger proposal from PrimeVision Health, Inc. ("PrimeVision"). Defendants initially advised plaintiffs against the merger. After investigating the merger proposal, defendants later advised plaintiffs to consider the proposal. Plaintiffs agreed to the merger with PrimeVision on 27 October 1995 by a Letter of Intent. After the merger, plaintiffs learned of misrepresentations made by PrimeVision and its agents.

Plaintiffs initially filed a complaint against defendant Dowd. The initial action was dismissed without prejudice by order of the court. Plaintiffs filed an amended complaint against defendants within one

year from the dismissal without prejudice. Plaintiffs allege in their amended complaint: (1) accounting malpractice, (2) fraud, (3) negligence in providing information, (4) common law fraud, (5) negligent misrepresentation, (6) breach of contract, (7) breach of agency agreement, (8) negligence, and (9) breach of fiduciary duty.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs filed a motion to amend their complaint on 29 January 2001. The motion to dismiss was heard on 29 January 2001. The court granted defendants' motion to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(6) on 6 February 2001. Plaintiffs appeal. We affirm.

## II. Issues

The issues raised on appeal are whether: (1) the trial court erred in dismissing plaintiffs' complaint pursuant to Rule 12(b)(6), (2) the trial court abused its discretion in failing to allow plaintiffs' motion to amend the complaint before ruling on defendants' motion to dismiss, and (3) the trial court erred in considering defendants' brief in support of their motion to dismiss.

## III. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Lynn v. Overlook Dev.*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991). On a Rule 12(b)(6) motion to dismiss, the trial court must determine whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. *Isenhour v. Hutto*, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiffs' claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats the plaintiffs' claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). A claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 123, 401 S.E.2d 133, 135 (1991).

Defendants' brief in support of its motion to dismiss raises: (1) the statute of limitations as a bar to plaintiffs' malpractice, breach of contract, breach of agency agreement, and negligence claims (first, third, sixth, seventh and eighth claims), (2) failure to state a claim

**HARROLD v. DOWD**

[149 N.C. App. 777 (2002)]

and with the specificity required by Rule 9(b) of the North Carolina Rules of Civil Procedure as a bar to plaintiffs' fraud and misrepresentation claims (second, fourth, and fifth claims), (3) failure to allege a fiduciary relationship between the parties as a bar to plaintiffs' breach of fiduciary duty claim (ninth claim), (4) failure to allege that an act or omission of defendants proximately caused plaintiffs' injuries bars all plaintiffs' claims, and (5) attempt to obtain a double recovery bars all plaintiffs' claims.

## A. Statute of Limitations

[1] The applicable statute of limitations for professional malpractice, negligence, and breach of contract is three years. *See* N.C. Gen. Stat. §§ 1-52(1) and (5), 1-15(c) (1999). The question presented is when the statutes of limitations commenced.

The statute of limitations for a malpractice claim begins to run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant. *See* N.C. Gen. Stat. § 1-15(c); *NationsBank of N.C., N.A. v. Parker*, 140 N.C. App. 106, 111, 535 S.E.2d 597, 600 (2000). A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date. *Pierson v. Buyher*, 101 N.C. App. 535, 537, 400 S.E.2d 88, 90 (1991) (citing *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E.2d 508 (1957)). The statute of limitations for a breach of contract claim begins to run on the date the promise is broken. *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985) (citing *Pickett v. Rigsee*, 252 N.C. 200, 113 S.E.2d 323 (1960)).

Plaintiffs argue that the statute of limitations began to run as to all claims on 3 July 1996, the date the merger with PrimeVision was completed. Defendants argue that taking plaintiffs' own allegations within their amended complaint as true, that the statute of limitations began on 27 October 1995, the date plaintiffs agreed to the merger by Letter of Intent.

Plaintiffs' amended complaint alleges that defendants failed to investigate PrimeVision, its agents, and its financial situation, and failed to advise plaintiffs concerning the results of the merger. Accordingly, the wrongful act, broken promise, and the last act of defendants giving rise to the cause of action occurred on 27 October 1995. Plaintiffs commenced this action on 6 July 1999. Plaintiffs'

claims for accounting malpractice, negligence, and breach of contract are barred by the three year statute of limitations.

### B. Failure to State a Claim and Plead with Particularity

**[2]** Defendants argue that plaintiffs failed to allege all of the elements of fraud and failed to state with particularity the circumstances constituting fraud as required under Rule 9(b) of the North Carolina Rules of Civil Procedure.

Plaintiffs correctly state that the essential elements of actionable fraud are: (1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) resulting in damage to the injured party. *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) (citations omitted).

Allegations of fraud are subject to more exacting pleading requirements than are generally demanded by "our liberal rules of notice pleading." *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733 (1985) (citations omitted). Rule 9(b) of the North Carolina Rules of Civil Procedure provides in relevant part that: "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." N.C. Gen. Stat. § 1A-1, Rule 9(b) (1999). In *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981), our Supreme Court instructed that "in pleading actual fraud the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent act or representations." This formula ensures that the requisite elements of fraud will be pleaded with the specificity required by Rule 9(b). *Brandis v. Lightmotive Fatman, Inc.*, 115 N.C. App. 59, 64, 443 S.E.2d 887, 889 (1994).

Plaintiffs argue that the following allegations in the complaint were sufficient to withstand defendants' Rule 12(b)(6) motion to dismiss: (1) defendants intentionally, carelessly, wantonly, and/or negligently misrepresented material facts, made untrue statements, and failed to disclose other material facts necessary to make other representations to plaintiffs accurate; (2) defendants omitted to state a number of material facts necessary to make other representations not misleading and untrue; and (3) defendants specifically represented that they had performed a due diligence background check and inves-

tigation of PrimeVision and failed to perform or if performed, such investigations were not performed properly.

The first two allegations are merely bare assertions and fail to conform to Rule 9(b) particularity requirements. *See Sharp v. Teague*, 113 N.C. App. 589, 597, 439 S.E.2d 792, 797 (1994) ("Mere generalities and conclusory allegations of fraud will not suffice.") While the latter allegation provides the content of the allegedly fraudulent representation, it fails to identify the person making the representation, it fails to identify what was obtained as a result of the fraudulent representation, and plaintiffs fail to plead any facts to support their allegation that the representation was false or untrue. *See Terry*, 302 N.C. at 85, 273 S.E.2d at 678.

**[3]** Plaintiffs' alternative claim for negligent misrepresentation also fails. "The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988).

Nothing in the pleadings reflect that defendants negligently supplied information for the guidance of plaintiffs. Plaintiffs argue in their brief that defendants negligently misrepresented that PrimeVision owned and controlled nine ophthalmology practices. This argument is without support in the record. The amended complaint specifically states that "Waite and others representing PrimeVision misrepresented that they represented, owned, and controlled nine ophthalmology practices." The remaining allegations referred to by plaintiffs specifically state that defendants "failed to provide," failed to advise," or "failed to investigate." There is no allegation in plaintiffs' amended complaint that defendants negligently supplied any information with respect to the merger transaction.

### C. Breach of Fiduciary Duty and Agency Agreement

**[4]** Plaintiffs allege a breach of fiduciary duty by defendants. For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties. *Curl v. Key*, 311 N.C. 259, 264, 316 S.E.2d 272, 275 (1984). In their brief, plaintiffs cite *Smith v. Underwood*, 127 N.C. App. 1, 10, 487 S.E.2d 807, 813 (1997), for the proposition that this State has recognized the existence of a fiduciary relationship between accountant and client. While defendant John C. Proctor & Co. was an accounting firm and defendant Sullivan a certi-

fied public accountant, nowhere in the *Underwood* opinion does this Court state that there existed a fiduciary relationship between accountant and client. Sullivan and John C. Proctor & Co. had done accounting for the trusts since their inception and had prepared tax filings for plaintiffs' various trusts, corporations, and personal returns throughout said time. *Id.* at 6, 487 S.E.2d at 811. This Court stated "[a]lthough plaintiffs have adequately alleged the circumstances surrounding the formation and development of the alleged confidential relationship between plaintiffs and defendants Sullivan and John C. Proctor & Co., they have failed to identify the specific transactions alleged to have been procured by means of constructive fraud." *Id.* at 10, 487 S.E.2d at 813. We have found no case stating that the relationship between accountant and client is *per se* fiduciary in nature.

 A fiduciary duty exists when "there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931). " '[I]t extends to any possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side, and resulting domination and influence on the other.' " *Id.* (quoting 25 C.J. Fiduciary § 9, at 1119 (1921)). In *Underwood* the defendants obviously had acquired a special confidence in preparing tax documents for the trusts, corporations, and individual plaintiffs.

At bar, plaintiffs contend that defendants breached a fiduciary duty owed in (1) failing to investigate, (2) failing to advise, (3) accepting employment by PrimeVision while working for plaintiffs, and (4) that defendants desired to represent the new company after the merger. The allegations of failure to investigate and failure to advise are actually malpractice claims, time barred under N.C.G.S. § 1-15(c). *See Sharp*, 113 N.C. App. at 592, 439 S.E.2d at 794 ("Because claims 'arising out of the performance of or failure to perform professional services' based on negligence or breach of contract are in the nature of 'malpractice' claims, they are governed by N.C. Gen. Stat. 1-15(c)") (citations omitted).

Taking the allegations raised in their amended complaint as true, plaintiffs fail to allege circumstances sufficient to show that a fiduciary relationship existed between the parties. *See Terry*, 302 N.C. at 83, 273 S.E.2d at 677 ("It is necessary for plaintiff to allege facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the

transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff."); *Underwood*, 127 N.C. App. at 10, 487 S.E.2d at 813. The remaining allegations of dual-representation and desire to represent the newly merged company do not establish a breach of fiduciary duty by themselves. *See Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 667, 488 S.E.2d 215, 224 (1997) (fact that accountant and accounting firm obtained the benefit of their continued relationship with plaintiffs was insufficient to establish claim for constructive fraud).

[5] Plaintiffs also alleged a breach of agency agreement in that defendants undertook to act as agents for plaintiffs in negotiating the merger. A principal-agent relationship arises upon two essential elements: "(1) [a]uthority, either express or implied, of the agent to act for the principal, and (2) the principal's control over the agent." *Colony Assocs. v. Fred L. Clapp & Co.*, 60 N.C. App. 634, 637, 300 S.E.2d 37, 39 (1983). Plaintiffs allege that they engaged defendants to advise them regarding mergers and acquisitions. Based on plaintiffs' amended complaint, this engagement would have been completed as of 27 October 1995, the date plaintiffs agreed to the merger with PrimeVision. The Letter of Intent executed by the parties established the terms of the merger and specifically states that plaintiffs' attorney would prepare the Reorganization Agreement. Accordingly, this claim is barred by the three year statute of limitations under N.C.G.S. § 1-52.

## IV. Motion to Amend the Complaint

[6] Plaintiffs assign error to the trial court's failure to allow their motion to amend their complaint filed the same day as the Rule 12(b)(6) hearing.

Once an answer has been served, plaintiffs must seek leave of court to amend their complaint, and "leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (1999). A motion to amend, however, is addressed to the discretion of the trial judge, whose ruling will not be disturbed absent proof that the judge manifestly abused that discretion. *Smith v. McRary*, 306 N.C. 664, 671, 295 S.E.2d 444, 448 (1982). Where the court's reason for denying leave to amend is not stated in the record, " 'this Court may examine any apparent reasons for such denial.' " *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985) (quoting *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 42-43, 298 S.E.2d 409, 411 (1982)). Reasons warranting a denial of leave to amend include "(a) undue delay, (b)

bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Id.*

In response to the allegations of defendants' motion to dismiss, plaintiffs filed a motion to amend their complaint for a second time. We find no abuse of discretion by the trial court in failing to allow plaintiffs' last minute motion to amend the complaint on the date calendared for defendants' motion to dismiss. *See Gunter v. Anders,* 115 N.C. App. 331, 334, 444 S.E.2d 685, 687 (1994) (not an abuse of discretion to deny motion to amend complaint where plaintiffs knew of the facts prior to hearing and did not seek amendment until defendants moved to dismiss based upon plaintiffs' failure to so plead). This assignment of error is overruled.

## V. Defendants' Brief in Support of their Motion to Dismiss

**[7]** Plaintiffs contend that defendants' brief in support of their motion to dismiss was untimely served and should not have been considered by the trial court.

Rule 5(a1) of the North Carolina Rules of Civil Procedure provides in pertinent part: "In actions in superior court, every brief or memorandum in support or in opposition to a motion to dismiss . . . shall be served upon each of the parties *at least two days before the hearing* on the motion . . . ." N.C. Gen. Stat. § 1A-1, Rule 5(a1) (2000) (emphasis added).

Rule 6(a) of the North Carolina Rules of Civil Procedure provides in pertinent part that:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, including rules, orders or statutes respecting publication of notices, the day of the act, event, default or publication after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. *When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and holidays shall be excluded from the computation.*

N.C. Gen. Stat. § 1A-1, Rule 6(a) (2000) (emphasis added).

It is undisputed that the hearing was calendared for Monday and that the brief was served on plaintiffs on the previous Thursday. The

brief was served "at least two days before the hearing on the motion." This assignment of error is overruled.

## VI. Conclusion

We hold that the trial court properly dismissed this action under Rule 12(b)(6) in that plaintiffs' complaint disclosed that its claims are either barred by the applicable statute of limitations or lack facts sufficient to state a claim for relief. *See Oates*, 314 N.C. at 278, 333 S.E.2d at 224.

Affirmed.

Judges WYNN and TIMMONS-GOODSON concur.