STACY CUNNINGHAM, PLAINTIFF v. JAMES RILEY, SR., IN HIS CAPACITY AS A MECKLEN-BURG COUNTY DEPUTY SHERIFF, JAMES PENDERGRAPH, SHERIFF OF MECKLENBURG COUNTY, DEFENDANTS

No. COA04-806

(Filed 5 April 2005)

**1. Immunity— sovereign—waiver—loss exceeding $250,000**

The claims of a plaintiff who alleged that he was assaulted by a deputy while an inmate in the Mecklenburg County jail were barred by sovereign immunity unless the total loss exceeded a self-insured retention of $250,000. Mecklenburg County had purchased insurance for a total loss exceeding $250,000, including the verdict, plaintiff's costs, and defendant's costs.

**2. Pleadings— motion to amend—42 U.S.C. § 1983—requirements**

The trial court did not abuse its discretion by denying plaintiff's motion to amend the pleadings after the verdict to add a claim under 42 U.S.C. § 1983 where plaintiff alleged that he had been assaulted by a deputy while an inmate in the Mecklenburg

County jail. The claim against the deputy in his official capacity constituted a respondeat superior suit against the county and local government liability under 42 U.S.C. § 1983 cannot be based on a theory of respondeat superior. Moreover, a 42 U.S.C. § 1983 claimant must show that the local government had in effect a policy or custom to which the injury could be attributed, which this plaintiff did not do. Nor was this issue submitted to the jury.

### 3. Costs— civil assault—favorable verdict—attorney fees

The trial court did not err by denying plaintiff's motion for attorney fees following a favorable jury verdict in a civil assault case. Absent a separate authorizing statute, not found here, a successful litigant cannot recover attorney fees.

### 4. Costs— assistants and support staff—not allowed

The trial court did not err by denying a successful plaintiff costs for legal assistants and administrative support staff. These are not listed as recoverable expenses under N.C.G.S. § 7A-305(d) and there is no logical reason to find that these costs are recoverable when attorney fees are not generally recoverable.

Appeal by plaintiff from judgment entered 4 November 2003 by Judge Richard Doughton in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 February 2005.

*Pamela A. Hunter for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Scott D. MacLatchie, for defendants-appellees.*

STEELMAN, Judge.

On 2 November 1997, while an inmate at the Mecklenburg County jail, plaintiff was assaulted by James Riley, Sr. (Riley). Riley was deputy sheriff of Mecklenburg County when he assaulted plaintiff. Plaintiff initiated this lawsuit against Riley, James Pendergraph, the Sheriff of Mecklenburg County, and Mecklenburg County, seeking damages for the injuries he sustained as a result of the assault. During the course of the litigation the trial court dismissed the claims against all parties named in the amended complaint except for Riley in his official capacity as a Mecklenburg County Deputy Sheriff.

Trial was held at the 18 August 2003 session of superior court. The only issues submitted to the jury were whether Riley committed

an assault and battery upon the plaintiff, and if so, what amount of money was plaintiff entitled to recover as damages for personal injuries. The jury returned a verdict in favor of plaintiff in the amount of $49,500.00. Following the verdict, the parties made several post-verdict motions. The trial court (1) denied plaintiff's motion to amend his pleading to add a claim under 42 U.S.C. § 1983 and seek recovery of attorney's fees under 42 U.S.C. § 1988; (2) granted in part and denied in part plaintiff's motion for costs; and (3) held that plaintiff's claims were barred under the doctrine of sovereign immunity. Plaintiff appeals.

## Sovereign Immunity

[1] Mecklenburg County purchased insurance covering the acts of the employees of the Mecklenburg County Sheriff's Department. A suit against a sheriff's deputy in his official capacity constituted a suit against the county, thus triggering this insurance coverage. *See Kephart v. Pendergraph*, 131 N.C. App. 559, 563, 507 S.E.2d 915, 918 (1998). However, this coverage was limited. A claim was not covered under the insurance policy unless the total loss, including the amount of the verdict, plaintiff's costs, and defendant's costs, when added together, exceeded defendant's $250,000.00 self-insured retention. The jury awarded plaintiff $49,500.00, the trial court awarded plaintiff $1,750.00 in costs, and defendant's costs for defending the action were $129,046.13. When added together, the total amount was $180,296.13. Since this was less than $250,000.00, the trial court concluded defendant had not waived sovereign immunity, and plaintiff was precluded from recovering the amount of the verdict or costs.

The doctrine of sovereign immunity generally bars recovery in actions against deputy sheriffs sued in their official capacity. *Id.* A county may waive sovereign immunity by purchasing liability insurance, but only to the extent of coverage provided. N.C. Gen. Stat. § 153A-435(a) (2004). In *Kephart*, this Court analyzed the effect of a self-insured retention provision on a plaintiff's right to recover in a case arising out of the same county and the same sheriff's department at issue in this case. The amount of the county's self-insured retention in *Kephart* was $100,000.00 and the policy limit was $2,750,000.00. This Court determined the county had not waived their sovereign immunity for claims up to $100,000.00, although it did waive immunity for claims in excess of that amount. As a result, to the extent there was a self-insured retention, the county did not waive its sovereign immunity. *Kephart*, 131 N.C. App. at 564, 507 S.E.2d at 918-19.

CUNNINGHAM v. RILEY

[169 N.C. App. 600 (2005)]

*See also Wilhelm v. City of Fayetteville*, 121 N.C. App. 87, 89, 464 S.E.2d 299, 300 (1995) (holding there was no waiver of governmental immunity by the city in being self-insured for claims up to $250,000.00, although immunity was waived for amounts in excess thereof because of purchase of liability insurance policies covering such amounts). The same issue that was litigated in *Kephart*, is at issue here, and we are bound by the holding in *Kephart*. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). In order for plaintiff to recover, the total loss must exceed the county's $250,000.00 self-insured retention. Plaintiff's claims are barred by the doctrine of sovereign immunity unless the total loss exceeded $250,000.00[1].

The remaining issues discussed in this opinion deal with plaintiff's attempts to recover costs in addition to the amount of the jury award in order to bring the total loss to a sum in excess of $250,000.00.

## 42 U.S.C. § 1983

[2] Plaintiff contends the trial court erred in denying his motion to amend the pleadings to add a claim under 42 U.S.C. § 1983 and to seek recovery of attorney's fees under 42 U.S.C. § 1988. We disagree.

Following the jury's verdict, plaintiff made a motion pursuant to Rule 15(b) of the North Carolina Rules of Civil Procedure, seeking leave to amend his complaint to add a cause of action against defendant under 42 U.S.C. § 1983. The trial court's ruling on a motion to amend will not be overturned absent a clear showing of abuse of discretion. *Harrold v. Dowd*, 149 N.C. App. 777, 785, 561 S.E.2d 914, 920 (2002). The trial court may deny leave to amend where such amendment would be futile. *Id.* at 785-86, 561 S.E.2d at 920.

The only defendant that remained in this action at trial was Riley, in his official capacity as a deputy sheriff. Plaintiff argued that both parties consented to a jury instruction on assault and battery that incorporated language from *Myrick v. Cooley*, 91 N.C. App. 209, 371 S.E.2d 492 (1988). This language discussed the legal standard for determining whether a police officer exceeded the limits of privileged force for purposes of liability. *Id.* at 215-16, 371 S.E.2d at 496. Plaintiff contends that by agreeing to include this language in the jury charge,

---

1. To the extent of the $250,000.00 self-insured retention, plaintiff could recover only if Mecklenburg County adopted a resolution pursuant to Chapter 980 of the 1988 Session Laws. The record in this case is devoid of any such resolution.

defendant impliedly consented to submit a 42 U.S.C. § 1983 cause of action to the jury.

Plaintiff contends that a sheriff and his deputies are "persons" within the meaning of 42 U.S.C. § 1983, and thus subject to suit under that provision. We need not decide this issue, as other grounds exist to support the trial court's ruling that permitting plaintiff to amend his complaint to add a cause of action under 42 U.S.C. § 1983 would be futile. In *Monell v. New York City Dep't of Soc. Serv.*, the United States Supreme Court held that while a local governmental body could be sued under § 1983, its liability could not be based upon a theory of *respondeat superior*. 436 U.S. 658, 56 L. Ed. 2d 611 (1978). The official capacity claim against Riley as deputy sheriff constituted a suit against the local governmental entity, the county, under the theory of *respondeat superior. Boyd v. Robeson County*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2005) (COA03-1222) (relying on *Kentucky v. Graham*, 473 U.S. 159, 165-66, 87 L. Ed. 2d 114, 121 (1985) which stated "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent").

Furthermore, in order for a plaintiff to recover under 42 U.S.C. § 1983, he must show the local government had in effect a policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" to which the injury could be attributed. *Monell*, 436 U.S. at 694, 56 L. Ed. 2d at 638. Plaintiff failed to present any evidence that Riley acted pursuant to a municipal policy or custom, or committed the act while in the role of the municipality's final policymaker on that subject. Nor was this issue submitted to the jury for disposition. Consequently, the trial judge did not abuse his discretion in denying plaintiff's motion to amend his complaint to add a cause of action under 42 U.S.C. § 1983, as such an amendment would have been futile. This assignment of error is without merit.

### Costs

[3] Plaintiff next contends the trial court erred in denying his motion for costs and expenses, including attorney's fees, following a favorable jury verdict. We disagree.

N.C. Gen. Stat. § 6-18 requires the trial court to award costs to the prevailing plaintiff in an action for assault or battery. N.C. Gen. Stat. § 6-18(3) (2004). The costs to be awarded under N.C. Gen.

Stat. § 6-18 are limited to the costs specifically listed in N.C. Gen. Stat. § 7A-305(d). *Dep't of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 469, 586 S.E.2d 780, 785 (2003), and those awarded in the trial court's discretion under N.C. Gen. Stat. § 6-20. *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 734, 596 S.E.2d 891, 895 (2004).

In analyzing whether the trial court properly assessed costs, we must undertake a three-step analysis. First, we must determine whether the cost sought is one enumerated in N.C. Gen. Stat. § 7A-305(d); if so, the trial court is required to assess the item as costs. *Id.* Second, where the cost is not an item listed under N.C. Gen. Stat. § 7A-305(d), we must determine if it is a "common law cost" under the rationale of *Charlotte Area. Id.* (defining " 'common law' costs as being those costs established by case law prior to the enactment of N.C. Gen. Stat. § 7A-320 in 1983"). Third, if the cost sought to be recovered is a "common law cost," we must determine whether the trial court abused its discretion in awarding or denying the cost under N.C. Gen. Stat. § 6-20. *Id.*

In this case, plaintiff seeks recovery for costs related to (1) attorney's fees, (2) legal assistant and administrative support staff, (3) depositions and deposition related expenses, (4) expert witness fees, (5) copy expenses, (6) reproductions of videotapes, (7) "miscellaneous expenses (telephone bill, etc.)" (7) mailing costs, (8) transcript costs, (9) mediator fee, and (10) service of process.

### A.  Attorney's Fees

A prevailing party may not recover attorney's fees as damages or as part of the court costs in the absence of some contractual obligation or statutory authority. *Bailey v. State of North Carolina*, 348 N.C. 130, 159, 500 S.E.2d 54, 71 (1998); *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 570, 551 S.E.2d 852, 856 (2001). Plaintiff points to N.C. Gen. Stat. § 7A-305(d)(3), which states that "[t]he following expenses, when incurred, are also assessable or recoverable, as the case may be: . . . (3) Counsel fees, as provided by law[,]" as providing the statutory authority authorizing the trial court to award attorney's fees. This is an incorrect reading of the statute, as the provision does not merely read that the successful litigant is entitled to "counsel fees," but modifies that by stating, "as provided by law." Absent a separate statute authorizing the award of attorney's fees, such as N.C. Gen. Stat. § 6-21.1, a successful litigant cannot recover attorney's fees. *See Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 12-13,

545 S.E.2d 745, 754 (2001). Plaintiff has not cited any statute, nor do we find any authority allowing the trial judge to award attorney's fees to the prevailing party in a civil assault case, nor were they allowed at common law. The trial court did not err in denying plaintiff's motion for attorney's fees.

## B.　Legal Assistants and Administrative Support Staff

[4] We next address the costs attributable to legal assistants and administrative support staff. These costs are not listed as a recoverable expense under N.C. Gen. Stat. § 7A-305(d). Further, if attorney's fees are generally not a recoverable cost, there is no logical reason for us to find the costs attributable to an attorney's legal assistants and administrative support staff would be recoverable. There is no statutory authority authorizing the recovery of these costs, nor can we find any authority that they were allowed under the common law. The trial court did not err in denying plaintiff recovery of these costs.

## C.　Remaining Costs

Since plaintiff is not entitled to recover attorney's fees or costs associated with the attorney's legal assistants or administrative support staff, we need not discuss whether the trial court erred in denying plaintiff recovery of the remaining costs. Even if plaintiff was entitled to recover all of the other costs which he appeals, those costs combined with plaintiff's jury award and defendant's costs would not exceed $250,000.00, the amount of defendant's self-insured retention. As a result, plaintiff has failed to prove defendant waived his sovereign immunity and is barred from any recovery. We need not address plaintiff's remaining arguments.

For the reasons discussed herein, we affirm the trial court's rulings.

AFFIRMED.

Judges WYNN and HUDSON concur.