Simply the Best Movers, LLC v. Marrins' Moving Sys., Ltd. 2016 NCBC 28.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 7065

SIMPLY THE BEST MOVERS, LLC,
               Plaintiff,

v.

MARRINS' MOVING SYSTEMS, LTD.,
WILLIAM W. ATKINSON, and ERIC M.
GOLDBACH,
               Defendants.

)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

THIS MATTER comes before the Court on Plaintiff' Motion for Leave to File Second Amended Complaint ("Motion for Leave to Amend") pursuant to Rule 15 of the North Carolina Rules of Civil Procedure ("Rule(s)").

THE COURT, after reviewing the Motion for Leave to Amend, briefs in support of and in opposition to the Motion for Leave to Amend, and other appropriate matters of record, finds in its discretion that the Motion for Leave to Amend should be GRANTED in part and DENIED in part as to Plaintiff's attempt to add the claims, parties, and facts provided below.

Background

1.      Defendants William W. Atkinson ("Atkinson") and Eric M. Goldbach ("Goldbach") are former employees of Plaintiff Simply the Best Movers, LLC ("Simply the Best"), doing business as Two Men and a Truck ("Plaintiff"). Atkinson and Goldbach were each parties to identical Non-Compete and Non-Disclosure Agreements with Simply the Best (the "employment Agreements"). This matter arises out of Plaintiff's allegations that Defendants Marrins Moving Systems, Ltd. ("Marrins"), and Kine, LLC ("Kine") unlawfully induced Atkinson and Goldbach to breach the restrictive covenants they entered into with Plaintiff, and that Defendants engaged in other unlawful conduct that caused injury to Plaintiff.

2.     On May 28, 2015, Plaintiff filed the Complaint (the "Original Complaint") against Atkinson, Goldbach, and Marrins.  On June 9, 2015, Plaintiff amended the Original Complaint as of right to add Kine as a defendant (the "Amended Complaint").   In the Amended Complaint, Plaintiff alleged claims against all Defendants for misappropriation of trade secrets and unfair and deceptive trade practices.  Plaintiff also made claims against Atkinson and Goldbach for breach of contract, conversion, and civil conspiracy, and claims against Marrins and Kine for tortious interference and civil conspiracy.

3.     On August 31, 2015, the Court held a Case Management Conference at which the parties informed the Court that they were seeking to conduct an early mediation and requested a stay of this action to permit the parties to explore settlement.  On September 1, 2015, the Court stayed proceedings for mediation until September 30, 2015.  On September 16, 2015, the Court extended the stay until October 30, 2015.  The parties were not able to resolve the case during the stay.

4.     On July 13, 2015, Defendants filed a Motion to Dismiss the Amended Complaint ("Motion to Dismiss").  The Court set a hearing on the Motion to Dismiss for February 17, 2016.

5.     On February 15, 2016, Plaintiff filed the Motion for Leave to Amend along with a proposed Second Amended Complaint. The proposed Second Amended Complaint makes new allegations that Atkinson and Goldbach, with their spouses, formed All Out Removal Services, LLC ("AOR"), a competing "moving or removal" company, in or about October, 2014.[1]  Plaintiff alleges that AOR used Plaintiff's "employees and resources" to perform some of its work, that AOR hired "at least three" of Plaintiff's employees, and that Atkinson and Goldbach arranged Plaintiff's employees' schedules so that they would be available to

---

[1] Prop. Second Am. Compl. ¶¶ 28-31, 34.

perform work for AOR.[2]  The Second Amended Complaint further alleges that AOR "provided removal services on behalf of at least one" of Plaintiff's customers.[3]  The Second Amended Complaint does not allege that Atkinson's wife, Michelle Atkinson, or Goldbach's wife, Monique London ("London"), engaged in any specific conduct other than forming and being members of AOR.  The Motion for Leave to Amend seeks leave to state two new claims for tortious interference with contract and with "current and prospective business relationships"[4] ("Claim Ten") and civil conspiracy ("Claim Eleven") against AOR, Michelle Atkinson, and London (collectively, the "New Claims Defendants") in addition to Atkinson and Goldbach.

6.      In the Motion for Leave to Amend, Plaintiff also seeks to add allegations that might cure various deficiencies in the Amended Complaint as argued by Defendants in the Motion to Dismiss.  Plaintiff alleges in the proposed Second Amended Complaint (a) that Two Men and a Truck/International, Inc. is a Michigan Corporation with its principal office in Lansing, Michigan, (b) that Goldbach was notified he would be required to sign a non-compete agreement upon accepting the position with Plaintiff in North Carolina, and (c) to provide more specific identification of trade secrets allegedly misappropriated by Defendants.

7.      On March 7, 2016, Defendants filed their Memorandum in Opposition to Plaintiff's Motion for Leave to Amend (the "Opposition"), and on March 20, 2016, Plaintiff filed a reply.

<u>Discussion</u>

8.      Although Defendants have not yet filed a responsive pleading, Plaintiff has already amended the Complaint once as of right and, consequently, requires leave of court to

---

[2] Id. ¶ 32.
[3] Id. ¶ 35.
[4] Id. ¶ 96.

amend its complaint for a second time. N.C. R. Civ. P. 15(a); *Kingsdown, Inc. v. Hinshaw*, 2016 NCBC LEXIS 15 **10-11 (N.C. Super. Ct. 2016). Rule 15 provides that leave to amend pleadings "shall be freely given," but North Carolina courts have noted that the Rules still provide some protection for parties who may be prejudiced by liberal amendment. *Henry v. Deen*, 310 N.C. 75, 91, 310 S.E.2d, 326, 337 (1984). A motion to amend may be denied because of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice [or] futility of the amendment." *NationsBank of N. Carolina, N.A. v. Baines*, 116 N.C. App. 263, 268, 447 S.E.2d 812, 815 (1994) (internal citations omitted). The burden of establishing prejudice, however, is on the party opposing the motion for leave to amend. *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986). Motions for leave to amend are addressed in the discretion of the trial court. *Nationsbank*, 116 N.C. App. at 268, 447 S.E.2d at 815.

9. Defendants oppose the Motion for Leave to Amend and argue that all of the changes in the proposed Second Amended Complaint are futile and do not address the inherent defects of the Amended Complaint. Defendants do not argue any grounds other than futility in opposing the proposed amendments. The futility standard under Rule 15 is essentially the same standard used in reviewing a motion to dismiss under Rule 12(b)(6), but provides the Court liberal discretion to find that an amendment lacks futility. *Le Bleu Corp. v. B. Kelley Enters.*, 2014 NCBC LEXIS 66, **7-8 (N.C. Super. Ct. 2014). Nevertheless, the court may deny a motion to amend where the allegations would not be sufficient to survive a motion to dismiss. *Harrold v. Dowd*, 149 N.C. App. 777, 784-785, 561 S.E.2d 914, 919-920 (2002).

    a. *Claims for Tortious Interference and Conspiracy against Michelle Atkinson and London.*

10. Plaintiff moves for leave to add claims against Michelle Atkinson and London for tortious interference both with current contracts and "prospective business relationships" and civil conspiracy. The tortious interference claims require that Plaintiff prove that Michelle Atkinson and London intentionally induced a third party to breach a contract that the third party had with Plaintiff, *Taidoc Tech. Corp. v. OK Biotech Co.*, 2016 NCBC LEXIS 26, **35-36 (N.C. Super. Ct. 2016), or induced a third party from entering into a contract with Plaintiff. *MLC Auto., LLC v. Town of S. Pines*, 207 N.C. App. 555, 571, 702 S.E.2d 68, 79 (2010); *see also Taidoc*, 2016 NCBC LEXIS at *40. "The inducement required to establish a claim for intentional interference with prospective economic advantage requires purposeful conduct intended to influence a third party not to enter into a contract with the claimant." *KRG New Hill Place, LLC v. Springs Investors, LLC*, 2015 NCBC LEXIS 20, **14-15 (N.C. Super. Ct. 2015); *Walker v. Sloan*, 137 N.C. App. 387, 393, 529 S.E.2d 236, 241 (2000) ("unlawful interference with the freedom of contract is actionable, whether it consists in maliciously procuring breach of a contract, or in preventing the making of a contract when this is done, not in the legitimate exercise of the defendant[s'] own rights, but with design to injure the plaintiffs, or gaining some advantage at [their] expense.").

11. In the Second Amended Complaint, Plaintiff alleges only that Michelle Atkinson and London "had knowledge of the [employment] Agreements [between Plaintiff and their respective husbands] prior to organizing AOR".[5] While Plaintiff alleges that Michelle Atkinson and London were involved in the formation of, and became members in, AOR, they do not allege that Michelle Atkinson and London engaged in any "purposeful conduct intended to influence" their husbands to breach the employment Agreements. *KRG New Hill Place, LLC,* 2015 NCBC LEXIS 20 at **14-15. Similarly, while the Second

---

[5] Id. ¶ 95.

Amended Complaint alleges that Michelle Atkinson and London had knowledge of Plaintiff's "ongoing … business relationships"[6], it does not allege that they engaged in any conduct related to those business relationships, let alone the type of conduct that would support a claim for tortious interference with prospective business relations.[7]

12. The facts alleged in the Amended Complaint fail to state claims for tortious interference against Michelle Atkinson or London, and permitting the amendment would be futile. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint to attempt to state a claim for tortious interference against Michelle Atkinson and Monique London should be DENIED.[8]

> b. *Claims for Tortious Interference and Conspiracy against Atkinson, Goldbach and AOR.*

13. Plaintiff also seeks leave to amend to state claims for tortious interference and civil conspiracy against Atkinson, Goldbach, and AOR. To the extent, however, that Plaintiff alleges that Atkinson and Goldbach interfered with their own employment Agreements with Plaintiff, such amendment would be futile. *Childress v. Abeles*, 240 N.C. 667, 674, 84 S.E.2d 176, 181 (1954) ("an action in tort lies against an outsider who knowingly, intentionally, and unjustifiably induces one party to a contract to breach it to the damage of another party."); 6 N.C. Index 4th Contracts § 198 ("'outsider' appears to connote one who was not a party to the terminated contract and who had no legitimate business interest of his own in the subject matter thereof . . ."). Accordingly, to the extent Plaintiff seeks leave to attempt to state claims

---

[6] Id.

[7] The Second Amended Complaint expressly alleges only that the corporate entity, AOR, "provided services" for one of Plaintiff's customers, and not that Michelle Atkinson or London had any individual involvement in inducing that customer to use AOR for those services. ¶ 35.

[8] Since Plaintiff's proposed claim for civil conspiracy against Michelle Atkinson and London was based solely on the alleged tortious interference claims against them, Plaintiff's motion for leave to amend the Complaint to attempt to state a claim civil conspiracy against Michelle Atkinson and Monique London also should be DENIED.

against Atkinson and Goldbach for tortious interference with their own employment Agreements, the Court concludes in its discretion that the motion should be DENIED.

14.     The proposed Second Amended Complaint also vaguely claims that Atkinson, Goldbach, and AOR interfered with Plaintiff's "current employment relationships"[9] The Court assumes this claim is based upon the allegation that AOR hired some of Plaintiff's employees.[10] Plaintiff, however, has not alleged the identities of any specific employees hired by AOR or any facts regarding the nature of any contracts of employment between those individuals and Plaintiff. The Court concludes, in its discretion, that the facts alleged in the proposed Second Amended Complaint fail to adequately allege a cognizable claim for tortious interference by Atkinson, Goldbach, and AOR with employment contracts Plaintiff had with its other employees. Accordingly, to the extent Plaintiff seeks leave to attempt to state claims against Atkinson, Goldbach, and AOR for tortious interference with employment contracts Plaintiff had with its other employees, the Court concludes in its discretion that the motion should be DENIED without prejudice.

15.     Plaintiff also seeks leave to allege claims that Atkinson, Goldbach, and AOR tortiously interfered with Plaintiff's existing and with prospective customer relationships. The claim for tortious interference with existing customer relationships is actually a claim for interference with contract. *Superior Performers, Inc. v. Phelps*, 2016 U.S. Dist. LEXIS 977, *19 (M.D.N.C. Jan. 5, 2016). To state a claim for tortious interference with current business relations, a plaintiff must allege facts that show: (1) a valid contract between the plaintiff and a third party which confers upon the plaintiff a contractual right against a third party; (2) the defendant knows of the contract; (3) the defendant intentionally induces the

---

[9] Prop. Sec. Amend. Complaint ¶¶ 96-98.
[10] Id. 32.

third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to [the] plaintiff. *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). Likewise, to state a claim of tortious interference with prospective business relations, a plaintiff "must allege facts to show that the defendants acted without justification in 'inducing a third party to refrain from entering into a contract with them which contract would have ensued but for the interference'" and that the defendants' conduct proximately caused "measurable damages[.]" *Walker v. Sloan*, 137 N.C. App. at 393-394, 529 S.E.2d at 242.

16. The allegations in the proposed Second Amended Complaint are woefully insufficient to support claim for tortious interference against Atkinson, Goldbach, and AOR. Plaintiff has not alleged that it had an existing contract with a customer to perform "removal" services of the type offered by AOR, that anyone induced an existing customer not to perform a contract it had with Plaintiff, or any specific damage caused by such interference. Nor has Plaintiff identified any existing or prospective customer that would have entered into a contract with Plaintiff if not for being induced not to do so by Atkinson, Goldbach, or AOR. Permitting leave to amend to allege the claims for tortious interference with current and prospective business relationships against Atkinson, Goldbach, and AOR would be futile at this time. This does not mean, however, that Plaintiff might not discover facts supporting such claims during the course of this lawsuit. Accordingly, to the extent Plaintiff seek leave to attempt to state claims against Atkinson, Goldbach, and AOR for tortious interference with existing and prospective business relationships, the Court concludes in its discretion that the motion should be DENIED without prejudice.[11]

---

[11] Plaintiff's proposed "Eleventh Claim for Relief" for civil conspiracy against Atkinson, Goldbach, and AOR alleges only that they conspired to "tortuously interfere with contract and business opportunities of [Plaintiff]". Accordingly, Plaintiff's motion for leave to amend the Complaint to

c. *Amendments to Facts to Cure Deficiencies.*

17. Defendants also argue that Plaintiff's proposed amendments to the facts intended to cure deficiencies in the Amended Complaint are futile because they do not cure those deficiencies. The Court concludes in its discretion, however, that such arguments are better addressed upon a motion to dismiss, and that these amendments should be permitted at this relatively early stage of the case. *Le Blue*, 2014 NCBC LEXIS 66 at *7 (holding that the Court has the ability to apply Rule 15(a)'s liberal standards to allow amendment and leave inquiry into the claim's futility to a subsequent 12(b)(6) motion). Accordingly, Plaintiff's Motion for Leave to Amend is GRANTED as to the request to allege these additional facts.

THEREFORE, IT IS ORDERED that:

1. The Motion for Leave to Amend to state claims against Michelle Atkinson and Monique London is DENIED.

2. The Motion for Leave to Amend to state claims for tortious interference and civil conspiracy against Atkinson, Goldbach and AOR is DENIED without prejudice.

3. The Motion for Leave to Amend to allege additional facts regarding (a) that Two Men and a Truck/International, Inc. is a Michigan Corporation with its principal office in Lansing, Michigan, (b) that Goldbach was notified he would be required to sign a non-compete agreement upon accepting the position with Plaintiff in North Carolina, and (c) to provide more specific identification of trade secrets allegedly misappropriated by Defendants, is GRANTED.

---

attempt to state a claim civil conspiracy against Atkinson, Goldbach, and AOR also should be DENIED without prejudice.

4.      Plaintiff shall file the Second Amended Complaint, consistent with the amendments permitted by this Order, no later than April 11, 2016.

5.      Except as specifically granted herein, the Motion for Leave to Amend is DENIED.

This the 6th day of April, 2016.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
for Complex Business Cases