BEN F. WILLIAMS AND WIFE, MARGARET C. WILLIAMS v. DUKE POWER COMPANY

No. 7510SC260

(Filed 2 July 1975)

1. **Witnesses § 7— unresponsive answer — testimony not supportive of contentions**
   The trial court did not err in the exclusion of testimony by plaintiffs' witness which was unresponsive to the question and not supportive of plaintiffs' contentions.

2. **Evidence § 41— opinion testimony — invasion of province of jury**
   The trial court did not err in the exclusion of testimony that silt which damaged plaintiffs' property came from the right-of-way cut made by defendant power company on property above that owned by plaintiffs since that was the critical question for the jury and the witness was no more qualified than the jury to form an opinion from the facts.

3. Appeal and Error § 48— admission of evidence — other evidence of like import

   The admission of incompetent evidence was cured where substantially the same evidence was theretofore or thereafter admitted without objection.

4. Compromise and Settlement § 3— offer of settlement

   Plaintiffs were not prejudiced by the admission of testimony of a purported offer by defendant to settle the claim on which plaintiffs' action is based.

5. Witnesses § 6— prior inconsistent statement — impeachment

   Evidence of an inconsistent statement made by the male plaintiff in a former trial was relevant for the purpose of impeaching the male plaintiff.

6. Waters and Watercourses § 3— siltification of lake and ponds — clearing of power line right-of-way — directed verdict, judgment n.o.v.

   The trial court did not err in the denial of plaintiffs' motions for directed verdict and for judgment n.o.v. in an action to recover damages for the siltification of a lake and ponds on their land allegedly caused by soil erosion from a transmission line right-of-way cut and cleared by defendant power company on nearby lands.

APPEAL by plaintiffs from *McKinnon, Judge.* Judgment entered 14 January 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 29 May 1975.

Plaintiffs instituted this action on 23 December 1970 to recover for damage to their real estate allegedly caused by defendant. In their amended complaint, filed 27 March 1973, plaintiffs alleged separate counts of damage to real property, trespass, negligence, strict liability, and punitive damages. The allegations include the following:

Plaintiffs are the owners of an 80-acre tract of land located in Alleghany County near Roaring Gap, N. C. During the latter part of 1969, agents or employees of defendant went upon land adjacent to plaintiffs' land and bulldozed or otherwise disturbed vegetation and soil adjacent to a stream that ran onto plaintiffs' land. The actions of defendant's employees caused loose soil, debris and trash to enter said stream, resulting in siltification of the stream and a lake and ponds on plaintiffs' land. Defendant failed to use due care in the bulldozing and clearing on the adjacent land and failed to employ proper safeguards to prevent erosion onto plaintiffs' land. Plaintiffs asked for actual and punitive damages, for an injunction, and for other relief.

In its answer defendant denied material allegations of the amended complaint and pled numerous defenses.

Evidence presented at trial tended to show that during the latter part of 1969 defendant cut and cleared a right-of-way for a transmission line on lands adjacent to or near plaintiffs' land; that the segment of the right-of-way in question was approximately 200 feet wide and approximately 3,500 feet long; that the right-of-way ranged from about 2,000 feet to 4,500 feet from plaintiffs' land; and that the power line "cut" was considerably higher in elevation than plaintiffs' land. Other facts pertinent to this appeal are stated in the opinion.

Issues were submitted to and answered by the jury as follows:

1. Did the defendant, Duke Power Company, cause or permit dirt or other materials from its right-of-way to go onto the lands of the plaintiffs which, in the natural conditions of the lands, would not have been carried by the normal flow of surface waters from the upper to the lower lands?

ANSWER: No.

2. If so, what amount of actual damages, if any, are the plaintiffs entitled to recover from the defendant?

ANSWER: $

3. If the answer to question number 1 above is yes, was the conduct of the defendant, Duke Power Company, intentional or with reckless and wanton disregard of the property rights of the plaintiffs?

ANSWER:

4. If so, what amount of punitive damages, if any, are the plaintiffs entitled to recover from the defendant?

ANSWER: $

From judgment denying plaintiffs any recovery, they appealed.

*McDaniel and Fogel, by L. Bruce McDaniel, for the plaintiff appellants.*

*Harold D. Coley, Jr., and W. Edward Poe, Jr., for the defendant appellee.*

BRITT, Judge.

By their first assignment of error, plaintiffs contend the court erred in excluding certain testimony of their witness E. W. Brown. The record reveals:

> Q. by Mr. McDaniel: Do you know whether those towers could have been put there without grading the soil itself?

> MR. COLEY: Objection.

> COURT: Sustained.

> (Transcript shows witness's answer would have been: "Well, now, that would call for a technical and engineering determination I would say; but personally and professionally, to the extent at least that my own training leads me to believe that complete defoliation of an area like that would seem unnecessary to do the job. It appeared to me to be a case of overkill. In other words, if you ask me if I could put a power line through there without destroying all the natural vegetation I would say yes, I think I could if I tried hard enough.")

> EXCEPTION No. 1

[1]  We find no merit in the assignment. Clearly, the answer was not responsive to the question. While we do not have before us the entire trial transcript showing the testimony in question and answer form, we find no indication in the record that plaintiffs were contending that in the installation of its power line defendant destroyed *all* natural vegetation on its right-of-way. The assignment of error is overruled.

[2]  Plaintiffs state their second assignment of error thusly: "The Court erred in excluding testimony of a plaintiffs' witness that the silt which damaged the property of the plaintiffs came from the right-of-way cut made by the defendant on property above the property of the plaintiffs."

This assignment relates to the evidence of plaintiffs' witness Charlotte Brown who testified that she made extensive examinations of plaintiffs' property between 1969 and 1972. The record discloses:

> Q. (Mr. McDaniel) Did you determine where the siltation came from as you described it?

MR. COLEY: Objection.

COURT: Sustained.

(Transcript shows witness's answer would have been: "As near as I could see it was coming from the cut.)" ExCEPTION No. 2

* * *

MR. McDANIEL: Did you determine to your satisfaction that the silt then did come from the cut?

MR. COLEY: Objection.

COURT: Sustained.

(Transcript shows that witness's answer would have been: "I couldn't see anywhere else it could come from. Looks like a roller coaster track tilted going across the side of a mountain, that's not even plowed, however you plow the mountains. You plow across the grain to keep soil running down the, to keep it from running down the mountain and the only thing was there looked like a motorcycle track.")

EXCEPTION No. 3

The "cut" referred to in the witness' answer was a graded area on defendant's right-of-way which plaintiffs contend was the root cause of their problem. This was a critical question for the jury. We think the trial court properly excluded the proffered testimony which, at most, was opinion evidence. 1 Stansbury, N. C. Evidence, § 125, at 389 (Brandis rev. 1973) states: "Opinion evidence is always admissible when the facts on which the opinion or conclusion is based cannot be so described that the jury will understand them sufficiently to be able to draw their own inferences. . . . "

The witness had described the right-of-way cut, the rivulets that had formed, the siltation that had washed down from it, how the stream that flowed through the cut flowed toward the plaintiffs' pond and lake, and that as of 1971 no preventive measures had been taken to prevent erosion. Applying the stated rule to this witness, we do not feel that she was any better qualified to form an opinion from the facts than the jury was. From the facts an inference could be drawn that the siltation from the cut washed into plaintiffs' lake. The jury, however, found that it did not. The assignment is overruled.

[3]  By their third assignment of error, plaintiffs contend the court erred in allowing defendant's claim agent to testify with respect to a telephone conversation he had with J. J. Alexander who stated that it would cost about $4,500 to desilt plaintiffs' lake twice over a 12-months' period. Plaintiffs had offered evidence to the effect that desilting the lake would cost considerably more than that amount. The assignment has no merit.

J. J. Alexander had previously testified as a witness for plaintiffs. On cross-examination and without objection he testified that it would cost $4,500 to desilt the lake over a 12-months' period. It is well settled that the admission of incompetent evidence is cured where substantially the same evidence is theretofore or thereafter admitted without objection. 1 Strong, N. C. Index 2d, Appeal and Error, § 48 (1967). The assignment is overruled.

[4]  In their fourth assignment of error, plaintiffs argue that the court erred in admitting evidence of a purported offer by defendant to settle the claim on which this action is based. Specifically, in response to the question of " . . . whether or not in an effort to avoid any further problems with the Williams [sic] you offered to pay one-half of the cost of that desilting?", the defendant's claims adjuster answered "Yes, I did." We note that no objection appears in the record to the question but only a motion to strike after the answer was given. The rule with respect to objections is that ". . . objection . . . should have been interposed to the question at the time it was asked as well as to the answer when given. An objection to testimony not taken in apt time is waived. . . . Afterward, a motion to strike out the testimony, to which no objection was aptly made, is addressed to the discretion of the trial judge, and his ruling in the exercise of such discretion, unless abuse of that discretion appears, is not subject to review on appeal. (Citations.)" *State v. Hunt,* 223 N.C. 173, 176, 25 S.E. 2d 598 (1943) ; 1 Strong, N. C. Index 2d, Appeal and Error, § 30 (1967). Plaintiffs have failed to show any abuse of discretion. Furthermore, we fail to see how the offer by defendant prejudiced plaintiffs. To the contrary, it would appear to be an admission by defendant of some liability. The assignment is overruled.

[5]  In their fifth assignment of error, plaintiffs contend the court erred in allowing into evidence an inconsistent statement made by the male plaintiff in a former trial. Plaintiffs objected on the grounds of irrelevancy; in their brief, however, they

Williams v. Power Co.

attack the evidence as being improperly admitted on the basis of failure to properly authenticate the transcript of the prior proceedings. The assignment is without merit. Where objection to the admission of evidence is based upon a specified ground, the competency of the evidence will be determined solely on the basis of the ground specified, even though there may be another ground upon which the evidence might be held incompetent. 7 Strong, N. C. Index 2d, Trial, § 15, at 278 (1968). Clearly, a prior inconsistent statement introduced to impeach the male plaintiff was relevant.

[6]   Plaintiffs contend in their sixth assignment of error that the court erred in not granting their motion for a directed verdict at the close of all of the evidence. We find no merit in this assignment. In *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971), the court held that a trial judge cannot direct a verdict in favor of the party having the burden of proof when the right to recover depends upon the credibility of witnesses, even though the evidence is uncontradicted. In the case at bar, plaintiffs' recovery hinged upon the credibility of various witnesses, therefore, the trial judge properly denied the motion.

In their seventh and eighth assignments of error, plaintiffs contend the court erred in not allowing their motions for judgment notwithstanding the verdict and a new trial. We hold that the evidence was sufficient to survive the motion for judgment n.o.v. Viewing the evidence in the light most favorable to defendant the court cannot say as a matter of law that plaintiffs are entitled to recover. There was conflicting testimony and the jury decided in favor of defendant. As to the motion for a new trial, the granting of this motion is within the trial judge's discretion and no abuse of that discretion appears. The assignments are overruled.

No error.

Judges PARKER and VAUGHN concur.